IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James B. Jones, a/k/a James Bernard Jones, ) ) ) | Case No. 8:12-cv-03018-JMC-JDA |
| Plaintiff, ) ) | |
| v. ) ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| John Owen; AW Langford, a/k/a Stephen Langford; NFN Birchler, a/k/a Mary Birchler; NFN Merritt, a/k/a Anessa Merritt; U.S. Bureau of Prisons, ) ) ) ) | |
| Defendants. ) _____ ) | |

This matter is before the Court on a motion to dismiss filed by Plaintiff.[1] [Doc. 34.] Plaintiff is proceeding pro se and brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in pro se cases and to submit findings and recommendations to the District Court.

## DISCUSSION

On May 9, 2013, Plaintiff filed a motion to dismiss the Complaint to have an opportunity to fully exhaust his remedies and then re-file his action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] [Doc.

---

[1] Also pending before the Court is a motion to dismiss or, alternatively, for summary judgment filed by Defendants. [Doc. 27.]

[2] In *Bivens*, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. 403 U.S. at 389. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983, which provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of *state* law.
    The Court notes Plaintiff previously filed an action pursuant to *Bivens*. *Jones v. Owens*, C/A No. 8:12-

34.] Defendants have not submitted a response to Plaintiff's motion, and the deadline for a response has passed. *See* Local Civil Rule 7.06, D.S.C.

Under the Federal Rules of Civil Procedure, a plaintiff may request the court to dismiss his action. Fed. R. Civ. P. 41(a)(2). The court may dismiss the action "on terms that the court considers proper." *Id.* Unless the court orders otherwise, dismissal of an action at the plaintiff's request is without prejudice. *Id.* Here, because Defendants have failed to oppose the dismissal of this action and the Court has previously granted Plaintiff leave to exhaust his administrative remedies, the Court recommends Plaintiff's motion be granted.

## CONCLUSION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to dismiss [Doc. 34] be GRANTED, Defendants' motion to dismiss or, alternatively, for summary judgment [Doc. 27] be FOUND AS MOOT, and the Complaint be dismissed without prejudice.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 5, 2013
Greenville, South Carolina

---

cv-01035-JMC-JDA. Plaintiff moved to dismiss that action to exhaust his administrative remedies, and the Court granted his motion to dismiss. *Id.*, Docket Entry No. 57.